IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN GARECHT, *individually and on behalf*
*of all similarly situated persons who were*
*employed by Defendants at terminals in the*
*State of Illinois*,

          Plaintiffs,

    vs.

PROFESSIONAL TRANSPORTATION, INC.
and RONALD D. ROMAIN,

          Defendants.

Case No. 14-cv-0378-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss for Failure to

State a Claim (Doc. 17) and accompanying Memorandum in Support (Doc. 18).  Plaintiff filed a

Response (Doc. 20), and Defendants filed a Reply (Doc. 21).  For the reasons that follow, the

Court grants in part and denies in part Defendants' Motion.

In assessing whether dismissal is warranted under Rule 12(b)(6), the Court accepts as true

all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor in

order to determine whether the complaint sufficiently sets forth enough facts to state a claim

upon which relief can be granted. *See Rujawitz v. Martin,* 561 F.3d 685, 688 (7th Cir.2009); *St.*

*John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir.2007); *Hallinan v.*

*Fraternal Order of Police Chicago Lodge 7,* 570 F.3d 811, 820 (7th Cir.2009).

Accepting Plaintiff's allegations as true, the following are the facts:  Union Pacific

Railroad was contracted by the Illinois Department of Transportation to perform certain upgrades

and improvements to railroad beds, tracks and crossing systems in conjunction with the Illinois

High-Speed Rail public works project.  Defendants provided transportation services as a subcontractor and hired Plaintiff and others similarly situated to drive Union Pacific railroad crews around the construction site and to/from the terminal.  Plaintiff's position may traditionally have been considered that of "train yard clerk" who historically would have been an employee of the railroad.  Plaintiff worked both on the site of the public works project and off the site in transporting crews from their initial terminal when placed on duty and back to the terminal when released from duty.

Plaintiff claims he and other workers providing transportation services to Union Pacific crews are covered by the Illinois Prevailing Wage Act (IWPA) because they were employees of a subcontractor engaged in a public works project within the state of Illinois.  The IWPA requires employers to pay "a wage of no less than the general prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed…."  820 ILSC § 130/1. Defendants argue, however, that the Plaintiff is not covered by the IPWA because he does not perform actual construction work, nor does he transport materials or equipment, as required by the Act.[1]  Additionally, Defendants argue that Ronald Romain, as President and Secretary of Professional Transportation, Inc., cannot be held personally liable under the Act because his authority and actions regarding pay practices were only on behalf of Professional Transportation, Inc.

The threshold question then, is whether Plaintiff is covered by the IPWA.  If he is, the case may proceed.  If he is not, the Complaint must be dismissed because there is no claim upon which the Court can grant relief.  As the questions at issue are those of statutory construction, the Court's primary objective is to ascertain and give effect to the intent of the legislature.  *Hocraffer*

---

[1] Defendants' first point of argument addresses a claim under the Illinois Procurement Act.  However, because Plaintiff is not stating a claim under this statute, the Court will not address this point of argument.

*v. Trotter Gen. Contracting, Inc.*, 990 N.E. 2d 390, 391-92 (Ill. App. 2013) (*citing Town &*

*Country Utils., Inc. v. Illinois Pollution Control Board*, 866 N.E. 2d 227 (Ill. Sup. Ct. 2007)).

The best evidence of legislative intent is the plain language of the statute.  *Id.* at 392 (citing

*Lulay v. Lulay*, 739 N.E. 2d 521 (Ill. Sup. Ct. 2000)).

      The IPWA states, "This Act applies to the wages of laborers, mechanics and other

workers employed in any public works, as hereinafter defined, by any public body and to anyone

under contracts for public works."  820 ILCS § 130/2.  The statute in Section 3 further specifies

which employees are covered:

>       Not less than the general prevailing rate of hourly wages for work of a similar character on public works in the locality in which the work is performed, and not less than the general prevailing rate of hourly wages for legal holiday and overtime work, shall be paid to **all laborers, workers and mechanics employed by or on behalf of any public body engaged in the construction or demolition of public works.** This includes any maintenance, repair, assembly, or disassembly work performed on equipment whether owned, leased, or rented. **Only such laborers, workers and mechanics as are directly employed by contractors or subcontractors in actual construction work on the site of the building or construction job, and laborers, workers and mechanics engaged in the transportation of materials and equipment to or from the site, but not including the transportation by the sellers and suppliers or the manufacture or processing of materials or equipment, in the execution of any contract or contracts for public works with any public body shall be deemed to be employed upon public works**. The wage for a tradesman performing maintenance is equivalent to that of a tradesman engaged in construction or demolition.

820 ILCS § 130/3 (emphasis added).

      In the first sentence, the statute covers all workers employed on behalf of any public body

engaged in the construction of public works.  Plaintiff is a worker employed on behalf of the

Illinois Department of Transportation by way of a subcontract with Union Pacific Railroad.

These entities are engaged in the construction of the High-Speed Rail Project which qualifies as

a public works project.  However, the third sentence narrows the scope of who is considered

employed upon public works.  Specifically, only workers directly employed by a contractor or subcontractor *in actual construction work* on the site of the job in the execution of a contract for public works shall be deemed to be employed upon public works.  Plaintiff is a worker directly employed by a subcontractor, namely Professional Transportation, Inc.  Plaintiff drives railroad construction crews for Union Pacific on the site of the job in the execution of a contract for public works.  Defendants dispute, however, that they (as subcontractor) and Plaintiff specifically (as an individual worker) are engaged in "actual construction work."  Truly, Plaintiff is simply a driver who transports the construction crews.

Seeking further guidance in defining "construction," the Court looks to Section 2 of the IPWA.  There, the statute defines the term "construction" as "*all work* on public works involving laborers, workers or mechanics."  820 ILCS § 130/2 (emphasis added).  The definition goes on to say, "[t]his includes any maintenance, repair, assembly, or disassembly work performed on equipment…."  820 ILCS § 130/2.  By the language of this section and the choice of non-specific words such as "all work… involving," it seems the legislature intended to create a broad definition of the term "construction," even extending the definition to include equipment maintenance and repair workers.  Clearly, the legislature intended to cover some employees who directly *facilitated* construction even if such employees did not engage in construction as construction workers themselves.

No court has yet examined whether subcontractor employees who perform duties similar to that of Plaintiff are covered by the IPWA.  The two cases relied on by Defendant address employees who were clearly excluded from coverage by the plain language of the statute. *Sparks & Wiewel Constr. Co. v. Martin* concerns an employee of a materials supplier who is excluded from the statute by the language "…but not including the transportation by the sellers

and suppliers." 620 N.E. 2d 533 (Ill. App. 1993). *Hocraffer* concerns an employee who performed work exclusively in his shop and not on site. 990 N.E. 2d 390. Plaintiff, however, is an employee of a subcontractor of Union Pacific and not an employee of a supplier or seller. Plaintiff's work is not exclusively off site. These cases are not sufficiently analogous for the Court to rely upon them as binding precedent.

Plaintiff compares his duties to those traditionally performed by "train yard clerks." Accepting Plaintiff's allegations as true, a train yard clerk was historically a direct employee of the railroad and served a crucial function in facilitating the construction crew. Plaintiff's work involves "laborers, workers or mechanics" because he drives the railroad crews around the construction site and therefore directly facilitates their work. Without a driver, the crews would be unable to efficiently carry out their duties. It is reasonable that the legislature intended "all work" to include transportation services. Taking into consideration all relevant sections of the IWPA, Plaintiff is not clearly excluded from coverage.

Further, the IWPA in Section 4 references the Department of Labor for the purpose of ascertaining prevailing wages for each type of worker needed to execute the contract. Plaintiff directs the Court to the Department of Labor's job classification "Class 1 Truck Driver," which expressly includes "pickup trucks when hauling… workers to and from and on-the-job site." This supports Plaintiff's claim that Plaintiff's class of worker was anticipated by the Department of Labor and expected to be paid prevailing wages. Accordingly, Defendants' Rule 12(b)(6) Motion to Dismiss is denied as to Plaintiff's IWPA claim against Professional Transportation, Inc.

Defendants' Motion as to the claims alleged against Ronald D. Romain is granted. Defendants argue Romain is not subject to liability under the IWPA because the statute in

Section 6 provides *criminal* penalties for agents, employees, officers, contractors and subcontractors, but in Section 11 establishes *civil* liability only for contractors and subcontractors with no mention of agents, employees or officers.  Plaintiffs respond by incorporating other statutes that include individuals in defining a "subcontractor" and include by footnote multiple Fair Labor Standards Act cases in which Romain does not challenge his status as an individual Defendant.

However, Plaintiffs claims here are brought solely under the IPWA and the class actions statute.  Defendants are correct.  In the IPWA, the Illinois legislature created a limited private cause of action for actual damages.  If the legislature had intended to create civil liability for agents, employees and officers in Section 11, they clearly knew how to do so by simply mirroring the language previously used in Section 6.  They also could have adopted language similar to that of a number of other employment statutes that clearly provide for individual civil liability.  They did not.  The Court can only conclude that the legislature did not intend to create civil liability for individuals such as Romain.  He will be dismissed as a Defendant.  The case may proceed as to Professional Transportation, Inc.

**IT IS SO ORDERED.**

**DATE: January 5, 2015**                                              s/   **Staci M. Yandle**
                                                                       **STACI M. YANDLE**
                                                                       **DISTRICT JUDGE**