IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN GARECHT, *individually and on behalf of all similarly situated persons who were employed by Defendants at terminals in the State of Illinois*,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>PROFESSIONAL TRANSPORTATION, INC. and RONALD D. ROMAIN,<br><br>　　　　Defendants. | Case No. 14-cv-0378-SMY-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Professional Transportation, Inc.'s (hereinafter "PTI") Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(B)(1) at Doc. 34.  Plaintiff filed a Response (Doc. 35), and Defendant filed a Reply (Doc. 36).  For the reasons that follow, the Court DENIES Defendants' Motion.

Plaintiff's Complaint claims damages due to Defendant PTI's failure to pay prevailing wages as required by Illinois law.  The facts were fully recited in this Court's prior Order at Doc. 31.  PTI's primary argument in the instant motion is that Plaintiff lacks standing to bring a claim under the Illinois Prevailing Wage Act ("IWPA") and, therefore, this Court has no subject matter jurisdiction.  Specifically, PTI argues that no prevailing wage act—either federal or state—applies to Plaintiff's employment under PTI's subcontract with Union Pacific Railroad.[1]  In support, PTI provides exhibits including a declaration of PTI's Chief Operating Officer (and

---

[1] Interestingly, Defendant filed a prior motion to dismiss (Doc. 17-18) relying on the IPWA in arguing that Plaintiff's employment category as a driver was excluded from IPWA coverage.  Defendant did not dispute the IPWA's application otherwise.

former Vice President in Charge), PTI's subcontract with Union Pacific Railroad Company ("Union Pacific"), and the Construction Agreement between the State of Illinois acting by and through the Illinois Department of Transportation ("IDOT") and Union Pacific.

A 12(b)(1) motion to dismiss may include evidence outside the pleadings where the movant brings a *factual* challenge (as opposed to a *facial* challenge) to subject matter jurisdiction.  *Apex Digital v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-45 (7th Cir. 2009).  "If the facts place the district court on notice that the jurisdictional allegation probably is false, the court is duty-bound to demand proof of its truth."  *Id* (citing *Kanzelberger v. Kanzelberger*, 782 F.2d 774 (7th Cir. 1986)).  Under such circumstances, "[p]laintiff bears the burden of competent proof that standing exists."  *Id* at 444.

Here, PTI's allegations that Plaintiff lacks standing are based on the fact that the primary contract between IDOT and Union Pacific requires the application of federal prevailing wages under the Davis-Bacon Act and the apparent absence of any prevailing wage requirements in the subcontract between Union Pacific and PTI.  Unlike the circumstances present in *Apex*, where defendant produced evidence that plaintiff had assigned all rights to another party and plaintiff produced nothing to refute the evidence, PTI's evidence does not, as *Apex* requires, sufficiently place this Court "on notice that the jurisdiction allegation is probably false."

PTI relies heavily on the contract between IDOT and Union Pacific in arguing that state prevailing wage laws cannot apply because this contract explicitly states that Davis-Bacon applies.  It is true that the contract between IDOT and Union Pacific contains a Davis-Bacon wage determination provision and references to the American Recovery and Reinvestment Act ("ARRA"), which in itself is a trigger for Davis-Bacon prevailing wages.  However, PTI was not a party to that contract, and there is nothing apparent in Union Pacific's subcontract with PTI to

indicate that PTI's compensation is funded by the ARRA or that any other trigger of Davis-Bacon exists. In fact, the subcontract standing alone contains only one reference to federal law—the requirement that driver hours of service comply with U.S. Department of Transportation rules contained in 49 C.F.R. Part 395 (see doc. 34-1, p.10 at § 25).

It is worth mentioning, however, that the Court has not had the opportunity to review either the IDOT-Union Pacific contract or the Union Pacific-PTI subcontract in its entirety.[2] In fact, one section of the Union Pacific-PTI subcontract that may typically contain language about wage determinations—the section entitled "compensation"—is half redacted. Even if such language is in fact absent from the subcontract, PTI has essentially conceded that it employed Plaintiff as a driver for the High-Speed Rail Project—a public works project within the state of Illinois that triggers the Illinois Prevailing Wage Act. It is therefore not required that the subcontract contain a provision applying the state law.

At this juncture, the Court is not persuaded that Plaintiff's alleged standing is false. PTI's assertion that the Illinois Prevailing Wage Act cannot apply because it is not explicitly referenced in the subcontract is insufficient to warrant dismissal on a jurisdictional challenge. Accordingly, Defendant's Motion to Dismiss is DENIED.

**IT IS SO ORDERED.**

**DATE: June 22, 2015**                              **s/ Staci M. Yandle**
                                                     **STACI M. YANDLE**
                                                     **DISTRICT JUDGE**

---

[2] As PTI notes in its Motion, only "relevant portions" of the IDOT-Union Pacific contract were submitted to the Court. Doc. 34, p.3.