IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN GARECHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-378-SMY-DGW |
| | ) | |
| PROFESSIONAL TRANSPORTATION, INC. | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

On October 7, 2015, this Court issued an Amended Scheduling Order setting forth various deadlines and adopting the deadlines contained in the Joint Report of Parties (Doc. 47). Pursuant to that Order, the Parties should have given priority to class certification discovery. Common sense dictates that class certification discovery should be concluded prior to the filing of Plaintiff's Motion to Certify Class. That brief was due on November 1, 2015. A response was due 30 days thereafter. No such motion was filed by the November 1, 2015 deadline.

In contravention of this Court's Scheduling Order, the parties elected to file a "Stipulation to Amend Amended Scheduling Order" (Doc. 48). According to this filing, the parties believe that this Court's Scheduling Order and Federal Rule of Civil Procedure 29 give them *carte blanche* to modify the deadlines set forth by the Court. The parties also believe that, without the Court's approval, they may amend an Order of this Court and reset Plaintiff's filing deadline to December 8, 2015. The Amended Scheduling Order does not grant the parties permission to unilaterally change the filing date of motions. The Order states: "If the parties believe that additional time is necessary to conduct discovery *and file motions*, they may file a motion, either jointly or

individually." No such motion has been filed. Rule 29 likewise does not grant parties free reign to modify motion filing deadlines. In pertinent part, Rule 29 states that "the parties may stipulate that . . . other procedures governing or limiting discovery be modified – but a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial." The Rule discusses modification of discovery deadlines and does not govern motion filing deadlines. Accordingly the Stipulation (Doc. 48) filed by the parties is hereby **STRICKEN** as being filed in contravention of this Court's Order and the Rules of Civil Procedure.

Plaintiff's Motion to Certify Class (Doc. 49) is untimely. No motion has been filed to seek additional time to file the Motion to Certify Class. At this point, Plaintiff is required by Rule 6(b)(1)(B) to show excusable neglect for failing to act by the deadline. It is within this Court's discretion to determine whether Plaintiff should be permitted to file an untimely motion. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 605-606 (7th Cir. 2006).

The parties also seek an open-ended deadline for Plaintiff to file an "Amended" Motion for Class Certification in order to acquire additional discovery (Doc. 52). There is no indication in the motion why the parties waited until December 23, 2015 to bring to the Court's attention a delay in class certification discovery; discovery that common sense dictates should have been completed by November 1, 2015 at the latest. There is also no explanation of what deficiency is contained in Plaintiff's motion such that an amendment would be necessary. The parties also state: "Defendant's response to Plaintiff's Motion for class certification is currently due on January 7, 2016, *and the parties have agreed to strike that deadline*, as Plaintiff will be filing an amended motion as set forth above." The Court is unaware of any rule of law or Rule of Civil Procedure that would permit any party to "strike" a deadline that is imposed by a Court Order. Accordingly,

Defendant's response to the (untimely) Motion to Certify Class will itself be untimely if filed after January 7, 2016.  The failure to file a timely response may, pursuant to Local Rule 7.1, be considered by the District Court as an admission of the merits of the motion.  The "Agreed Motion" is **STRICKEN** as impertinent.

This matter is **SET** for an **IN PERSON** hearing on **January 13, 2016 at 2:00 p.m.**  All attorneys of record shall appear.  The parties shall come prepared to explain why they failed to follow the deadlines set in this Court's Amended Scheduling Order.  The parties shall also come prepared to explain why this Court should exercise its discretion and extend any deadlines in this case.

**IT IS SO ORDERED.**

**DATED: January 6, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**